**UNITED STATES, Appellee,**

v.

**Hector L. TOLEDO, Seaman Recruit, U.S. Navy, Appellant.**

No. 54,817.

NMCM 85 3868.

U.S. Court of Military Appeals.

May 9, 1988.

For Appellant: *Lieutenant Colonel Richard E. Ouellette, USMC.*

For Appellee: No Appearance Filed.

*Opinion of the Court*

*On Petition for Reconsideration*

COX, Judge:

On December 14, 1987, we affirmed appellant's convictions for indecent assault and committing indecent acts on a female under the age of 16 years. *United States v. Toledo,* 25 M.J. 270 (C.M.A.1987). Appellant now petitions for reconsideration of that decision. We grant the petition, but adhere to our earlier decision.

■ The petition is predicated on two particulars. First, appellant points out that we were in error in stating that appellate defense counsel had not argued that Dr. Rosete, the psychologist, fell within the attorney-client relationship. *See* 25 M.J. at 276. In that regard, appellant is technically correct. A review of both appellant's final brief (page 15, paragraph 2) and the audio recording of the appellate arguments in this case confirms our mistake, and we stand corrected.

However, our decision was not based on a failure to raise the issue.' Thus, the fact that it was addressed does not alter the result. Had the issue been viable but not raised, we would have raised it ourselves. Indeed the tenor of our opinion was that the attorney-client relationship, Mil.R.Evid. 502(a), Manual for Courts-Martial, United States, 1984, can be broad enough to encompass the assistance of experts such as psychologists. 25 M.J. at 276. Our point was that an accused or counsel may not simply annex government officials into the attorney-client relationship, but must obtain them through proper channels.

We ventured so far as to assert:

> Had the defense requested that the Government provide it a medical officer for assistance in the preparation of its case, and had the Government failed to do so, we would have concluded, under *Ake [v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)], that appellant had been deprived of "[m]eaningful access to justice," given the circumstances in which appellant was discovered ... *Id.* at 77, 105 S.Ct. at 1094.

25 M.J. at 276. In appellant's case, however, we deemed the tactics employed to be insufficient to achieve attorney-client status. *Id.*

■ In the same vein, appellant takes issue with our comment that "the defense was apparently seeking to avoid tipping its hand at this juncture of trial preparation." 25 M.J. at 275. As support, he cites the fact that trial defense counsel scheduled appellant's visits with Dr. Rosete through the Staff Judge Advocate, Naval Security Group Activity, Misawa, Japan.* Again, this was not of decisional importance. Our statement was made in the context of rejecting appellant's primary contention on appeal, which was that the Rosete examinations were either *in fact* or *functionally equivalent* to government-ordered mental examinations under R.C.M. 302 and 706, Manual, *supra;* hence, appellant's communications enjoyed a limited privilege under the rules. Our remark amounted to passing speculation as to possible defense motive, not a definitive adjudication of counsel's state of mind.

■ In summary, our decision is founded upon the fact that statements made to a government psychiatrist are not privileged *per se.* 25 M.J. at 275. If an accused demonstrates a need for a psychiatrist to become a member of the defense team in order to assist in the preparation of his defense, he must do so formally. Otherwise, an accused could arbitrarily commandeer a valuable government employee without appropriate considerations of availability, priority of missions, or otherwise. There is sufficient legal authority in Article 46, Uniform Code of Military Justice, 10 U.S.C. § 846, and *Ake* to insure that an accused who needs help in preparing a psychiatric defense will get such help.

We adhere to our decision of December 14, 1987.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

* The offenses occurred at Misawa. The Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832, investigation was conducted there, and appellant was in pretrial confinement there. Therefore, defense counsel's enlistment of assistance from the staff judge advocate's office in obtaining transportation was a matter of necessity. The court-martial, however, was conducted some 424 miles to the south, at Yokosuka, Japan, situs of the general court-martial convening authority. *See Official Tables of Distance, Foreign Travel,* Army Regulation 55–61/Navy Supply Office P–2472 / Air Force Manual 177–136 at 385 (September 1, 1985). Trial and ·defense counsel were stationed at Yokosuka.